State
*vs.*
Howard.

---

## STATE *vs.* HOWARD.

Where testimony is offered to impeach the general character of a witness for truth, the enquiries are not limited to the character of the witness prior to the suit, but extend to the time of the examination of the witness.

The proper enquiries are, what is the general reputation of the witness as to truth, and whether, from such general reputation, the person testifying would believe such witness under oath as soon as men in general.

On cross examination, enquiries as to the means of knowledge of the character of the witness—the origin of reports against him—how generally such reports have prevailed—and from whom, and when they heard them, are admissible.

THIS was an indictment against said Howard, for arson, in burning the dwelling-house and out buildings of one Thomas Andrews, in Freedom, in said county. The testimony of John Thompson, George Hodgdon, and Mrs. Betsy Towle, was introduced on the part of the government, to sustain the prosecution.

Various points of defence were set up by the respondent to show that he was not guilty of the charge made against him ; and, among other things, the evidence of a number of witnesses was introduced to discredit the testimony of the said Thompson, Hodgdon, and Mrs. Towle, on the ground that they were not persons of truth and veracity.

On enquiring as to the general reputation of said individuals as to truth and veracity, objection was taken as to evidence of any declarations against the character of said witnesses for truth and veracity, made since the pendency of the present prosecution against the respondent; and the court ruled that declarations as to the character of said witnesses must have been made prior to the commencement of said prosecution, in order to be admissible; to which ruling the respondent objected, and claimed a right to introduce evidence of declarations as to the character of said witnesses up to the time of trial.

The jury returned a verdict of guilty, and the respondent moved that the verdict be set aside, and a new trial granted, ont he ground of misdirection of the court in rejecting the testimony offered as aforesaid.

*Gove*, attorney general, and *Lovell*, for the state.

*I. A. Eastman*, and *James Bell*, for the respondent.

UPHAM, J. It has long been the settled rule, that the credit of a witness may be impeached by evidence as to his general character, tending to show that he is unworthy of belief under oath.

The proper enquiries in such case are held to be—" What is the general reputation of the witness for truth and veracity?" and, "from what you know of the general reputation of the witness for truth, would you believe him under oath as quick as you would men in general?" 1 *Phil. Ev.* 229; 1 *Star. Ev.* 146; *Swift's Ev.* 143; 4 *State Tr.* 693, *Rockwood's case;* 4 *Esp.* 102, *Mawson* vs. *Hartsink.*

These enquiries, as stated, relate to the character of the witness *at the time of examination.* We find no authorities limiting the enquiries as to the character of a witness to a period anterior to the suit, as was done on this trial.

It has been said that the witnesses impeached in this case

were above suspicion until after the pendency of this prosecution, and that since its commencement there was reason to believe a concerted attempt had been made by individuals interested in defeating the prosecution, to create unfavorable reports relating to them, in order to defeat their testimony.

This may have been the case ; but the facts tending to show a conspiracy of this description may be fully shown to the jury on cross-examination of the witnesses introduced for this purpose, or by direct testimony, showing such intention ; and this is a sufficient protection against a combination of this kind.

A different rule would prevent valid objections against witnesses whose character for truth had become bad subsequent to a suit, without any such cause.

The impression suggested that a different practice from what we hold to be correct, had prevailed in this state, must have arisen from enquiries made on cross-examination.

The rule as to cross-examination is well settled, that wherever general evidence is given, impeaching the credit of a witness, the opposite party may go into a cross-examination to ascertain the grounds of the unfavorable opinion expressed ; and in doing that "may interrogate the witness as to his opportunities for knowing the character of the impeached witness, how long and how generally the unfavorable reports have prevailed, and from what particular individuals they heard them." 4 *Wend.* 358, *The People* vs. *Mather.* Any testimony showing the origin and character of such general reputation, is admissible.

This is all the party can ask. The ruling in this case, limiting the enquiry as to the character of the witnesses to a time previous to the prosecution, was erroneous, and there must be *A new trial granted.*